FILED

2025 Aug-27  AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| KENDARIUS DEANDRE BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:24-cv-00393-AMM-NAD |
| v. | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

The magistrate judge entered a report on May 22, 2025, recommending the court dismiss this case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), for failing to state a claim upon which relief may be granted. Doc. 26. The magistrate judge notified Mr. Butler of his right to file specific, written objections within fourteen days, Doc. 26 at 13–14, and on June 16, 2025, Mr. Butler filed objections and moved for appointment of counsel, Docs. 27–28.[1] Mr. Butler also filed an additional notice, Doc. 29, which the court has reviewed and considered.[2]

---

[1] The first set of Mr. Butler's objections is undated but postmarked June 11, 2025. Doc. 27 at 7. His other set is dated June 10, 2025. Doc. 28 at 1. While the objections appear to be untimely, the court has considered them on their merits rather than finding them time-barred.

[2] Mr. Butler's most recent notice, Doc. 29, expresses his belief that the court has appointed counsel to represent him. Mr. Butler is not entitled to appointed counsel in these proceedings, and the court has not appointed an attorney for him.

Mr. Butler generally objects to the finding that he has not provided sufficiently specific allegations to state any claim against any named defendant upon which relief could be granted. *See* Docs. 27–28. However, in addition to his initial complaint, Mr. Butler was permitted to file three amended complaints to clarify whom he was suing and why he was suing those individuals. *See* Docs. 1, 14, 16, 17. And the magistrate judge twice explained to Mr. Butler whom he could sue and what he must plead to state viable claims under 42 U.S.C. § 1983. *See* Docs. 11, 15. The magistrate judge provided Mr. Butler with clear instructions, directing Mr. Butler to "name as defendants the ***specific individuals*** he believes caused him harm" and to state for each claim "(1) where the claim arose; (2) when the claim occurred; (3) the facts relevant to that claim; and (4) whether any prison official was involved." Doc. 15 at 5.

But Mr. Butler's final amended complaint failed to set forth this basic information. *See e.g.,* Doc. 17 at 5. Instead, Mr. Butler continued to name as defendants state agencies, corporations, prison buildings, and unspecified groups of people—as well as eight prison officials—and asserted that his claims occurred from "Nov.-Dec. 2018-now," across three different prisons. Doc. 17 at 1–5.

While a court must liberally construe *pro se* pleadings, it may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd*., 760 F.3d 1165, 1168–69 (11th Cir.

2

2014) (cleaned up). And, although *pro se* pleadings are liberally construed, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Daker v. Ward,* No. 22-10632, 2023 WL 3317984, at *3 (11th Cir. May 9, 2023) (recognizing that a "district court was not required to expend judicial resources culling through [the plaintiff's] amended complaint and deciding *for* him which claims . . . should remain").

Having carefully reviewed and considered *de novo* all the materials in the court file, including Mr. Butler's objections and the magistrate judge's report and recommendation, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the court finds that this action is due to be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.

To the extent Mr. Butler seeks appointment of counsel, Doc. 28 at 2, that motion is **DENIED** as **MOOT**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 27th day of August, 2025.


**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE